WALKER *v.* BLANEY.

5-829                                                    286 S. W. 2d 479

Opinion delivered February 6, 1956.

*Gus Causbie, W. J. Schoonover* and *James A. Robb,* for appellant.

No brief for appellee.

LEE SEAMSTER, Chief Justice. This is an appeal by the appellants from a decree of the Sharp Chancery

Court, Northern District, whereby the trial court refused to grant judicial approval of a contract for the private sale of the remainder interest in a ninety (90) acre tract of real estate to the life tenant, and to have the proceeds reinvested, as directed by the court in some income producing property, the fund and accruements thereto to be held in trust for those persons constituting the ultimate vested remaindermen upon the death of the life tenant.

The appellants herein, Merle E. Walker and Helen Walker Blaney, are the only children of Samuel J. Walker, Jr. The appellee, Dennis Gerald Blaney, a minor, is the only child of Helen Walker Blaney. Merle E. Walker has no children. At the time of this suit there were no other bodily heirs of Samuel J. Walker, Jr.

The record reveals that on January 5, 1905, the appellants' father Samuel J. Walker, Jr., received a deed from his parents to the property here involved. The granting clause of the deed contained the provision that the property was to be conveyed ''Unto the said Samuel J. Walker, Jr., and unto his bodily heirs and assigns forever.'' Later Samuel J. Walker, Jr., conveyed the land by mesne conveyance to one David V. Johnson, the present owner of the life estate. Thereafter, in a suit between David V. Johnson and the appellants, Merle E. Walker and Helen Walker Blaney, the Sharp Chancery Court decreed on January 13, 1951, that Johnson only held a life estate for and during the life of Samuel J. Walker, Jr. In the suit now upon appeal, the life tenant, David V. Johnson, is the proposed purchaser of the remainder interest in the tract of land.

The appellants and the appellee are the only contingent remaindermen in esse. Samuel J. Walker, Jr., is now seventy-two (72) years of age; Merle E. Walker is forty-nine (49) years of age and Helen Walker Blaney is thirty-one (31) years of age. The appellee will be eight (8) years old on May 9, 1956.

On September 29, 1954, David V. Johnson, the life tenant, entered into a contract with the appellants by

which he agreed to pay $1,600 for the total remainder interests in the land. The contract obligated the life tenant to pay all the costs, including attorney's fee involved in securing the necessary judicial approval for the sale of the land to the life tenant.

The trial court rendered a decree on June 13, 1955, whereby it made a finding as follows:

"That the said Samuel J. Walker, Jr., the life tenant under the terms of said deed is still living, and the persons who will constitute his bodily heirs and therefore take the ultimate fee simple title upon the termination of the life estate, are unknown and cannot be known with certainty until the death of the said tenant, and although all of the living descendants of the said Samuel J. Walker, Jr., are parties to this action, and constitute all of the known prospective bodily heirs of him, the class of persons who will take the remainder as such bodily heirs, may be increased or diminished by births or deaths during the pendency of the said life estate."

The trial court also found that the sum offered for the remainder interest in the land was a full and fair price; that the contract terms were fair, equitable and generous; that the actual fair market value of the land is not in excess of $15.00 per acre and the land produces an annual income of $10.00 for the entire tract. The trial court further found that said land was unsuitable for farming, unimproved and inaccessible, and what value it has consists entirely in the fact that it lies along Spring River and might be used for recreational purposes; that the market value of the land has reached its peak and the remaindermen all live in Oklahoma, far removed from the situs of the land, and have no desire to oversee their interest in the land.

The trial court further found that a public sale of the remainder interest in the land would attract no better price than that offered by the life tenant; that the rights and interests of the ultimate remaindermen were identical with the interests of the parties to this suit, who

are now possible remaindermen in esse; and, that the minor appellee in this case is sued individually and also as a representative of the ultimate vested remaindermen; in esse, and in posse.

In addition to the foregoing findings, the court found that the appellants had not shown as a matter of law that said sale was necessarily for the best interests of the minor appellee, but rather for the benefit and convenience of the appellants, and, therefore, denied the relief prayed and dismissed the complaint.

The instant case is before this court for trial de novo. Since the trial court found that all the factual contentions alleged by the appellants were true, the issue is whether the factual situation entitles the appellants to relief. The appellants earnestly submit that the fact that a minor contingent remainderman is involved is not sufficient to prohibit or justify the denial of relief to adult contingent remaindermen seeking the sale of the tract of land for the purpose of reinvestment. It is the opinion of this court that the circumstances found by the trial court to exist were sufficient, as a matter of law, to entitle appellants to have their estate sold. The record reveals that it would be to the best interest of the. parties to have the land sold and the proceeds derived therefrom, invested and preserved for the benefit of the contingent remaindermen, who would be eligible to receive the proceeds upon the death of Samuel J. Walker, Jr.

We think the trial court erred in holding that, as a matter of law, it should deny the relief prayed for in the complaint. This court has held that equity has jurisdiction and power to order or permit the sale of a contingent remainder estate even if one of the remaindermen is a minor. *Bedford* v. *Bedford,* 105 Ark. 587, 152 S. W. 129. It will be noted that the minor in the instant case is only a contingent remainderman, his interest is prospective and depends upon his survival of his mother, who in turn must pre-decease her father, Samuel J. Walker, Jr. The Bedford case, supra, has been cited with ap-

proval in the following cases: *Hardy* v. *Hilton,* 211 Ark. 991, 204 S. W. 2d 163; *Wing* v. *Wing,* 212 Ark. 960, 208 S. W. 2d 776; and *Wigal* v. *Hensley,* 214 Ark. 409, 216 S. W. 2d 792.

The case is reversed and remanded with directions to approve the sale of the land. The Commissioner of the Court will be directed to execute and deliver a deed conveying the land involved to David V. Johnson, conditioned upon his payment of the sum of $1,600. The trial court is directed to appcint a trustee to invest the $1,600 in securities, such investment conditioned upon the approval of the court, and to hold all of said funds and increase thereof, until the death of Samuel J. Walker, Jr. Upon Samuel J. Walker, Jr.'s death the funds will then be distributed, under an order of the court, to the parties entitled thereto. The trustee will be required to give a bond, to also be approved by the court, in an amount sufficient to cover the amount of funds involved. The trustee will be directed to file an annual report with the court, and such other reports as the court may direct.

Reversed and remanded.