498

Orbin Joe BALL et al *v.* Sheila Ball CURTIS
and Bradley CURTIS

82-124                                                637 S.W.2d 571

Supreme Court of Arkansas
Opinion delivered July 12, 1982

*Joseph Boeckmann,* for appellants.

*Michael Everett,* for appellees.

GEORGE ROSE SMITH, Justice. In four cases we have held that when the title to land is vested in a life tenant with contingent remainders that will not vest until the life tenant's death, a court of equity has the power upon a proper showing to order a sale of the land for reinvestment. *Walker v. Blaney,* 225 Ark. 918, 286 S.W.2d 479 (1956); *Wing v. Wing,* 212 Ark. 960, 208 S.W.2d 776 (1948); *Hardy v. Hilton,* 211 Ark. 991, 204 S.W.2d 163 (1947); *Bedford v. Bedford,* 105 Ark. 587, 152 S.W. 129 (1912). In all those cases, however, when the suit was brought there was in being a member of the class of possible remaindermen, who could be made a party to the case as the representative of other contingent remaindermen as yet unborn. In the case at bar the life tenant, Sheila Ball Curtis, age 30, has never had a child; so there is in being no member of the class comprising her bodily heirs. The question is whether in this situation a court of equity has the power to order a sale of the land for reinvestment. We hold that the power exists and affirm the chancellor's decree ordering a private sale of the land. (The

Court of Appeals transferred the case as involving the construction of a will. Rule 29 [1] [p].)

Orbin Ball died in 1968, survived by three children. His will left various separate tracts of land to each of his children for life, with remainder to his or her bodily heirs. The will made no disposition of the possible reversion and contained no residuary clause; so the three children inherited the reversion that remained in the testator's estate.

Sheila Ball Curtis and her husband brought this suit to obtain a sale, for reinvestment, of 120 acres of the lands left to Sheila and her bodily heirs. Sheila's brother and sister were made parties to the case; so all the necessary parties are before the court. The sister's two minor children were also made defendants. The plaintiffs made a sufficient showing that the 120 acres are not as productive as other investments would be and that a favorable price has been negotiated with a purchaser.

Upon the only question at issue, the rule is that a court of equity has the power to order a sale for reinvestment even though no member of the class having the contingent future interest is yet in existence. Restatement of the Law, Property, § 179 (1936); Powell, Real Property, § 292 (1981); Comment, Alienability of Contingent Remainders, 2 Ark. L. Rev. 87 (1948). Where no bodily heirs of the life tenant are yet in being, as here, the life tenant herself is a proper person to represent her unborn descendants. Restatement, § 184 (d).

The chancellor correctly ordered a sale for reinvestment, but the decree contained no directions with respect to the reinvestment. See the *Walker* and *Bedford* cases, supra. The cause is therefore remanded for further proceedings.

Affirmed and remanded.